McMILLIN, C.J., for the Court.
¶ 1. Allen Earl Plair was convicted by a Tate County Circuit Court jury of aggravated assault. He has appealed that conviction to this Court and presents two issues that he contends warrant a reversal of his conviction. First, he urges that the trial court erred in denying his request to disallow the State’s use of peremptory challenges during jury selection. Second, he contends that the trial court erred in overruling his objection to an inquiry by the prosecutor, made during the cross-examination of Plair, that was intended to call into question his credibility. We find no merit in the first issue. As to the second issue, we conclude that the question at issue was improper as being purely argumentative so that the defense objection should have been sustained; however, we do not conclude that the fundamental fairness of the trial was affected, and we decline to reverse under principles of harmless error.
¶ 2. Neither issue raised in this appeal relates to the underlying facts relied upon by the State to establish the basis for the charge in the indictment. For that reason, we dismiss with a recitation of the evidence tending to demonstrate Plair’s complicity in the crime.
I.
¶ 3. Plair asked the trial court to disallow the State’s use of peremptory strikes of prospective jurors during jury selection. As authority for that motion, both at the trial level and in this appeal, Plair relied on assertions found in Justice Marshall’s separate concurrence in the United States Supreme Court decision styled Batson v. Kentucky, and Justice Sullivan’s separate writings in several Mississippi Supreme Court decisions. Batson v. Kentucky, 476 U.S. 79, 102, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); Thorson v. State, 653 So.2d 876, 896 (Miss.1994); Hatten v. State, 628 So.2d 294, 305 (Miss.1993); Davis v. State, 551 So.2d 165, 177 (Miss.1989), cert. denied, 494 U.S. 1074,110 S.Ct. 1796, 108 L.Ed.2d 797 (1990). None of *291 these writings relied on by Plair commanded a majority vote of either court.
¶ 4. Peremptory strikes are specifically authorized in this state under authority of Section 13-5-69 of the Mississippi Code. The use of such strikes passed constitutional muster under the United States Constitution in the Batson decision so long as there is no accompanying showing that the strikes are being used for ends forbidden by that opinion and those that followed extending Batson’s reach to other protected classes. There is no Mississippi precedent binding on this Court that suggests the applicable statute is unconstitutional under any provisions of the Mississippi Constitution. Plair makes no contention that any strikes actually exercised by the prosecution violated any of the provisions of Batson or those subsequent federal and State decisions that have interpreted and, to some extent, expanded the strictures set up in Batson. In that situation, this Court finds that there is no basis to find error in the trial court’s refusal to enforce a blanket denial of the'use of peremptory strikes in jury selection.
II.
¶ 5. Plair elected to testify in his own defense and denied having purposely beaten his victim, claiming instead that she was injured when they fell to the ground and he fell on top of her. During cross-examination, the prosecutor, in an apparent attempt to highlight for the jury the marked difference between the victim’s version of events and that offered by Plair, engaged in the following exchange with the defendant.
Q. Are we supposed to believe you or her?
A. Well, Mrs. Brewer- — ■
[Defense Counsel]: I object. Now the jury decides who to believe your Honor, not Mr. Plair. That’s an irrelevant and unfair question.
THE COURT: Overrule the objection.
Q. Who are we supposed to believe?
A. Well, Mrs. Brewer, I really can’t answer that either. All I can tell you is this. I didn’t smash her head against no brick wall.
¶ 6. On appeal, Plair contends the trial court’s ruling permitting this line of inquiry constitutes reversible error. His contention is that the question delved into matters that were irrelevant since the jury is the sole finder of fact in a criminal trial.
¶ 7. We agree with Plair’s initial point in his argument. The question that led to defense counsel’s timely objection was plainly irrelevant. The proper subject of inquiry of a witness relates to information “having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” M.R.E. 401. The prosecutor’s question to Plair was, on its face, argumentative and had no possibility of eliciting information that would have been helpful to the jury in determining any fact of consequence in deciding Plair’s culpability. “Evidence which is not relevant is not admissible.” M.R.E. 402. The trial court ought to have sustained defense counsel’s objection.
¶ 8. Nevertheless, reversible error does not automatically follow from a determination that the trial court erred in the admission or exclusion of evidence. Such rulings lead to reversal only where “a substantial right of the party is affected....” M.R.E. 103(a). So long as such error has not undermined the fundamental fairness of the trial, it cannot form the basis for the reversal of a criminal convic *292 tion. King v. State, 857 So.2d 702, 732 (¶ 112) (Miss.2003).
■ ¶ 9. In his brief, Plair has not alleged any particular basis for concluding that this one rather pointless inquiry by the prosecutor resulted in any prejudice or harm to the defense or in any way undermined the basic integrity of the trial process. The error in permitting the State to propound the question and requiring the defendant to answer (his answer was “Mrs. Brewer, I really can’t answer that either.”) was, beyond question, harmless.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWELVE YEARS, WITH FIVE YEARS POST RELEASE SUPERVISION, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND PAY $100 TO THE CRIME VICTIMS COMPENSATION FUND, IS AFFIRMED. SAID SENTENCE SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.